```
          IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                              CENTRAL DIVISION
```
_____

| | | |
|---|---|---|
| DANIEL LAIRD, | ) | **MEMORANDUM DECISION &** |
| | ) | **DISMISSAL ORDER** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:09-CV-96 CW |
| | ) | |
| STEVEN TURLEY et al., | ) | |
| | ) | |
| Respondents. | ) | District Judge Clark Waddoups |

_____

Petitioner, Daniel Laird, an inmate at Central Utah Correctional Facility, filed a federal habeas corpus petition here. He challenges his conviction on June 17, 2002, for attempted forcible sex abuse, a third-degree felony, for which he was sentenced to zero-to-five years.

On February 4, 2009, Petitioner filed this petition, contesting his sentencing under 28 U.S.C. § 2254 and the consequent execution of his sentence (effectively) under 28 U.S.C. § 2241. Under § 2254, he argues that Utah's indeterminate sentencing scheme, under which he was sentenced, is unconstitutional, and that his plea was unintelligent because he was falsely assured that he would actually serve less time than his sentence.

Under § 2241, he argues (1) the role of Utah Board of Parole and Pardons (BOP) in determining the actual length of his imprisonment within his sentencing range is unconstitutional; and (2) *Labrum* v. *Utah State Bd. of Pardons*, 870 P.2d 902 (1993); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v.*

*Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2005); and *Ring v. Arizona*, 536 U.S. 584 (2002), were all violated.

The State responded, urging the Court to deny this petition because Petitioner has filed his claims past the period of limitation and/or failed to exhaust his claims.

ANALYSIS

I.  Period of Limitation

The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
> (D) the date on which the factual predicate
>
> of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.S. § 2244(d)(1) (2010).

The Court figures the period of limitation for Petitioner's § 2254 claims, using subsection (A) as its guide.  Petitioner had to file his § 2254 claims within one year of July 17, 2002--the date upon which he failed to file an appeal--adding any time tolled by statute or equitable grounds.  *See id.* § 2244(d);

*Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000).

As to Petitioner's § 2241 claims, the Court uses subsection (D) as its guide. So, the Court begins with the date when he should have discovered his claims. Petitioner last appeared before BOP in 2005. He thus should have known by that time--*definitely* by the end of 2005--that indeterminate sentencing applied to him and BOP was responsible to determine his release date within his sentencing range. For sake of convenience, *for purposes of this Order only*, and because it does not change the final result, the Court uses just the latest possible date, December 31, 2005, to determine the running of the period of limitation on Petitioner's § 2241 claims.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.S. § 2244(d)(2) (2010). Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson*, 232 F.3d at 808).

Because Petitioner filed no state post-conviction or other-collateral-review applications, no grounds exist for statutory tolling, so the Court considers Petitioner's argument of equitable tolling. Petitioner tries to excuse his failure to

3

timely file his petition by generally asserting that seeking relief in the state courts would have been futile because they have shown bad faith.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." Because Petitioner has not argued actual innocence, the Court focuses on alleged uncontrollable circumstances.

Despite the State's "bad faith," Petitioner should have known, at the very latest, by December 31, 2005, that his parole proceedings violated his expectations about his constitutional rights. Still he did not file this federal habeas petition until more than three years later--too late. Meanwhile, as to his § 2254 claims, Petitioner's time to file ran out on July 17, 2003.

4

As to those claims, Petitioner filed this petition more than five years too late, again, the State's "bad faith" notwithstanding.

During the running of the federal period of limitation and beyond, Petitioner apparently took no steps himself to "diligently pursue his federal claims." His response shows no signs of this kind of self-directed tenacity. In sum, the circumstances raised by Petitioner did not render it beyond his control to timely file his petition here.

Accordingly, the above claims before the Court were filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that this petition is DENIED.

IT IS FURTHER ORDERED that Respondents' motion that BOP be dismissed is GRANTED. (*See* Docket Entry # 16.)

IT IS FINALLY ORDERED that Petitioner's motion to withdraw his petition without prejudice is DENIED. (*See* Docket Entry # 25.) By the time of his motion, Respondents had already

responded, using significant resources.  Further, nothing Petitioner suggests in his motion would change this decision.

This case is CLOSED.

DATED this 19th day of February, 2010.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge